## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

CATRINA WALLACE, MISTI ROBINSON,
Individually and as Mother and Legal
Guardian of D.G., H.H. and H.D., MINORS,

MAR 0 3 2016

JAMES W. McCORMACK, CLERK
By: _Wexhust_
DEP CLERK

Plaintiffs,

v.

NO: _2:16 CV032-BSM_

JEFFEREY L. MIDDLETON, COX
LOGISTICS, LLC, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

This case assigned to District Judge __Miller__
and to Magistrate Judge __Volpe__

Defendants.

## NOTICE OF REMOVAL OF CIVIL ACTION

TO:     Blake Swain, Esq.
        Schwed, Adams, Sobel & McGinley, P.A.
        50 N. Front St., Suite 640
        Memphis, TN 38103
        Counsel for Plaintiffs

        Pursuant to 28 U.S.C. §§1441 and 1446, comes the Defendant, Cox Logistics, LLC, by

and through its counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., files this Notice of

Removal of the above civil action, and as bases for said removal would show as follows:

        1.      The removing party Cox Logistics, LLC is a named defendant in the above

entitled civil action for personal injury damages.

        2.      This matter was originally filed in the Circuit Court of Crittenden County,

Arkansas, on the 12th day of February, 2016, under Docket No. CV2016-103.  A copy of the

Complaint filed in the Circuit Court of Crittenden County, Arkansas, is attached to this Notice of Removal.

3.      On or about February 24, 2015, the Complaint was served on Cox Logistics, LLC, in Lone Star, Texas.  Thus, this Notice of Removal is timely filed.

4.      As of this date, the additional defendant, Jefferey Middleton, has not been served with a copy of the Complaint and Summons.  However, Defendant Middleton is still an agent of Cox Logistics, LLC, and there is no dispute but that he was on or about the business of and acting as an agent of the removing Defendant, Cox Logistics, LLC at the time of this accident. Further, said Defendant will be represented by the undersigned counsel upon being properly served, and as such will consent to this removal.

5.      The Complaint and Summons, attached hereto, constitute all process, pleadings, or orders filed in the Circuit Court of Crittenden County, Arkansas.

6.      The additional Defendant, State Farm Mutual Automobile Insurance Company, is sued as an uninsured/underinsured motorist carrier, and pursuant to applicable case law, shall be deemed a nominal defendant and, as such, said Defendant's consent to this removal is not required.

7.      At the time of the filing of the Complaint, the Plaintiffs also filed Interrogatories and Request for Production of Documents to Defendant Cox Logistics, LLC.

8.      The amount in controversy, exclusive of interest and costs, allegedly exceeds the sum of $75,000.00.  In further support of this, in addition to the *ab damnums*, which total well in excess of $75,000.00, counsel for Plaintiffs has advised that one or more of the plaintiffs have had surgical procedures allegedly related to the accident complained of.  While Defendants do

2

not concede that the value of any one individual or the aggregate of the cases is in excess of $75,000.00, certainly a *prima facia* case for same has been set forth.

9. Plaintiffs are, presently and at the time the Complaint was filed, upon information and belief, resident citizens of Memphis, Shelby County, Tennessee.

10. The Defendant, Jefferey L. Middleton, presently and at the time of the lawsuit was filed, was a resident citizen of Morehead, Rowan County, Kentucky.

11. The removing Defendant, Cox Logistics, LLC, is presently and was, at the time the Complaint was filed, a foreign limited liability corporation organized and incorporated under the laws of the State of Texas with its principal place of business being at Lone Star, Texas.

12. This action is a civil action for personal injuries incurred as a result of a motor vehicle accident which occurred in Crittenden County, Arkansas on or about May 6, 2015.

13. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) and (c) as the lawsuit is between citizens of two different states and, as the amount in controversy allegedly exceeds the sum of $75,000.00 exclusive of interest and costs.

14. This Notice of Removal is being filed with the Court within thirty days of receipt of service of the complaint by the removing defendant, Cox Logistics, LLC.

15. Defendant has filed a copy of this Notice of Removal with the Circuit Court of Crittenden County, Arkansas pursuant to 28 U.S.C. §1446(d).

3

**RESPECTFULLY SUBMITTED,**

*COUNSEL FOR DEFENDANT,*
*COX LOGISTICS, LLC*

CARL WYATT, #12304
**Glassman, Wyatt, Tuttle & Cox, P.C.**
26 North Second Street
Memphis, Tennessee 38103
cwyatt@gwtclaw.com
P: 901-527-2143
F: 901-527-5320
GWTC File No. 16-045Z

## CERTIFICATE OF SERVICE

A true copy of the foregoing pleading has been properly served via U.S. Mail, postage prepaid, this the ___2___ day of __March__, 2016, upon Counsel for Plaintiffs as follows:

Blake Swain, Esq.
Schwed, Adams, Sobel & McGinley, P.A.
50 N. Front St., Suite 640
Memphis, TN 38103

CARL WYATT

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT AT WEST MEMPHIS

2016 FEB 12  AM 10:06
CIRCUIT COURT
CRITTENDEN COUNTY CLERK

CATRINA WALLACE, MISTI
ROBINSON, Individually and as Mother
and Legal Guardian of D▮▮▮▮▮
G▮▮▮▮, H▮▮▮▮▮▮ H▮▮▮▮▮ and
H▮▮▮▮ D▮▮▮▮, Minors,

Cause No: CV 2016-103
Jury Demanded

        Plaintiffs,

vs.

JEFFEREY L. MIDDLETON, COX
LOGISTICS LLC, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

        Defendants.

## COMPLAINT

Come now the Plaintiffs, Catrina Wallace, Misti Robinson, D▮▮▮▮ G▮▮▮, H▮▮▮▮
H▮▮▮ and H▮▮▮ D▮▮▮, and would show unto the Court as follows:

### I.

That your Plaintiffs are resident citizens of Memphis, Shelby County, Tennessee; that your
Defendant, Jefferey L. Middleton, is assumed to be a citizen and resident of Morehead, Rowan
County, Kentucky; that your Defendant, Cox Logistics LLC, is a company conducting business in
the State of Arkansas; that your Defendant, State Farm Mutual Automobile Insurance Company, is
a property and casualty insurer licensed and authorized to conduct business in the State of
Arkansas.

**II.**

That your defendant, Jefferey L. Middleton, was at all relevant times an agent or employee of the defendant, Cox Logistics LLC, and was acting in the course and scope of his employment and for the benefit of Cox Logistics LLC. Therefore, Cox Logistics LLC is liable to Plaintiff for the negligent acts committed by Jefferey L. Middleton pursuant to the doctrine of respondent superior and for any negligence of its own.

**III.**

That on or about May 6, 2015, Plaintiff, Catrina Wallace, while operating a 2004 Hyundai Santa Fe bearing Tennessee license ▓▓▓▓, was travelling eastbound on Interstate 40 in West Memphis, Crittenden County, Arkansas with passengers Misti Robinson, D▓▓▓ G▓▓, H▓▓▓ H▓▓▓ and H▓▓ D▓▓. That Defendant, Jefferey L. Middleton, while operating 1999 Freightliner Conventional bearing Texas license R086388, assumed to be owned by and registered in the name of the same, while transporting a trailer bearing Texas license Z13218 assumed to be owned and registered in the name of Cox Logistics LLC and while on or about the business of Defendant, Cox Logistics LLC, was travelling eastbound on Interstate 40, when without warning, Defendant did negligently and carelessly merge into the lane of travel occupied by the vehicle containing the Plaintiffs, colliding with that vehicle and pushing it into the concrete barrier on the side of the highway. That the impact was so great that it threw your Plaintiffs, Catrina Wallace, Misti Robinson, D▓▓ G▓▓ H▓▓▓ H▓▓ and H▓▓ D▓▓, about in the vehicle, thereby causing serious injury to your Plaintiffs. That Plaintiff, Catrina Wallace, was an insured of Defendant, State Farm Mutual Automobile Insurance Company, under policy number ▓▓▓▓ which provides uninsured and underinsured motorist coverage with limits in the amount of $25,000 per person and $50,000 per occurrence.

## IV.

Plaintiffs charge and allege that the Defendant, Jefferey L. Middleton, was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the Plaintiffs', resulting damages, to wit:

a. In failing to devote full time and attention to the operation of his vehicle;

b. In failing to maintain a proper outlook;

c. In driving his vehicle too fast under the conditions prevailing;

d. In failing to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of themselves and others properly upon the aforementioned street;

e. In failing to control the movement, momentum for direction of travel of his vehicle, or to turn or guide the same, as it was his duty to do so, as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

## V.

Plaintiffs charge and allege that the Defendant, Cox Logistics LLC, was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the Plaintiffs', resulting damages, to wit:

a. Negligent entrustment of an oversized motor vehicle;

b. In failing to properly maintain the truck driven by defendant Jefferey L. Middleton;

c. In failing to properly instruct defendant Jefferey L. Middleton on the safe driving, loading, or maintenance of said truck;

d. Any other negligent acts and/or omissions which may be shown during the course of these proceedings;

3

## VI.

Plaintiffs further charge and allege that at the time of the accident in question, the following

Statutes of the State of Arkansas were in full force and effect and were violated by Defendant,

Jefferey L. Middleton;

### 27-51-104. Careless and prohibited driving.

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless
manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or
otherwise, or in such a manner as to evidence a failure to maintain proper control on the
public thoroughfares or private property in the State of Arkansas.

### 27-51-302. Driving on roadways laned for traffic.

Whenever any roadway has been divided into two (2) or more clearly marked lanes for
traffic, the following rules in addition to all others consistent with this subchapter shall apply:

(1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall
not be moved from the lane until the driver has first ascertained that movement can be
made with safety;

(b) It shall be unlawful for any person to operate or drive any vehicle on the public
thoroughfares or private property in the State of Arkansas in violation of the following
prohibited acts:

(1) Improper or unsafe lane changes on public roadways;
(2) Driving onto or across private property to avoid intersections, stop signs, traffic
control devices, or traffic lights;
(3) Driving in such a manner, or at such a speed, so as to cause a skidding, spinning, or
sliding of tires or a sliding of the vehicle;
(4) Driving too close to, or colliding with, parked or stopped vehicles, fixtures, persons,
or objects adjacent to the public thoroughfares;
(5) Driving a vehicle which has any part thereof, or any object, extended in such fashion
as to endanger persons or property;
(6) To operate any vehicle in such a manner which would cause a failure to maintain
control;
(7) To operate or drive a vehicle wherein or whereon passengers are located in such a
manner as to be dangerous to the welfare of such passengers; or
(8) To operate a vehicle in any manner, when the driver is inattentive, and such
inattention is not reasonable and prudent in maintaining vehicular control.

4

## VII.

As a direct and proximate result of the negligence of the Defendants, and resulting collision, the Plaintiffs, Catrina Wallace, Misti Robinson, D█████ G███, H█████ H█████ and H█████ D███, suffered serious, painful and permanent injuries, and mental anguish; Plaintiffs incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiffs' capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Catrina Wallace, be awarded compensatory damages in an amount not in excess of TWO HUNDRED FIFTY THOUSAND and 00/100 ($200,000.00) DOLLARS.

3. That Plaintiff, Misti Robinson, be awarded compensatory damages in an amount not in excess of ONE MILLION FIVE HUNDRED THOUSAND and 00/100 ($1,350,000.00) DOLLARS.

4. That Plaintiff, D█████ G███, be awarded compensatory damages in an amount not in excess of FIVE HUNDRED THOUSAND and 00/100 ($500,000.00) DOLLARS.

5. That Plaintiff, H█████ H█████, be awarded compensatory damages in an amount not in excess of TWENTY THOUSAND and 00/100 ($20,000.00) DOLLARS.

6. That Plaintiff, H█████ D███, be awarded compensatory damages in an amount not in excess of EIGHTY THOUSAND and 00/100 ($80,000.00) DOLLARS.

7. That the Plaintiffs be granted whatever other relief, general or specific, this Court

5

deems equitable and just.

8. Plaintiffs demand a Jury to try these issues when joined.

Respectfully submitted this *8* day of February, 2016.

By:_____

Blake Swan, Esq. (#2013-096)
Schwed, Adams, Sobel, & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400


SCHWED, ADAMS, SOBEL & MCGINLEY, P.A. is surety for the court costs of this cause.

_____

SCHWED, ADAMS, SOBEL & MCGINLEY, P.A.

6

THE CIRCUIT COURT OF <u>CRITTENDEN</u> COUNTY, ARKANSAS

<u>Civil</u> DIVISION [Civil, Probate, etc.]

CATRINA WALLACE, MISTI ROBINSON,
<u>et al.</u>
Plaintiff

v.                                             No. <u>CV 2016-123</u>

JEFFEREY L. MIDDLETON, COX
LOGISTICS LLC, et al.
Defendant

## SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

Cox Logistics LLC
_____    [Defendant's name and address.]

c/o Daniel K. Strickland
2294 Farm Road 250, Lone Star TX 75668

A lawsuit has been filed against you.  The relief demanded is stated in the attached
complaint.  Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: Blake Swan; 50 N. Front Street, Suite 640, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

                                        CLERK OF COURT

Address of Clerk's Office

100 Court Street

Marion, AR 72364                        [Signature of Clerk or Deputy Clerk]

                                        Date: 2/12/16

[SEAL]

No. _____ **This summons is for** _____ *(name of* **Defendant).**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____